# EXHIBIT A

| | |
|---|---|
| **From:** | Mike Kanetzky |
| **Sent:** | Thursday, September 12, 2019 1:14 PM |
| **To:** | carrine.gray@nlrb.gov |
| **Subject:** | Judy Mac vs ELK/Mike Kanetzky, Case#16-CA-247837 |
| **Attachments:** | NLRB Form 501 090619 date.pdf; 030518 check image.pdf; Re: Test; Exit Doc.pdf; Re: cards |

Mrs. Gray, thank you for returning my call and explaining the process. You had mentioned the 6 months timeframe to file, Judy was terminated on March 5th, Tuesday, 2019; I was not 100% certain of that but the severance check is dated March 5th and on the 6th she sent me an email from her personal email address requesting information therefore I am certain it was March 5th, 2019.

We are uncertain the day that she delivered the notice to ELK. Her document says 095019, but I am thinking it is Friday. Judy should provide you the signed doc which will indicate the 5th or 6th of September.

The NLRB Form 501 appears to be recorded 096019 (attached).

Does the clock trigger when she gives the employer notice or when it is filed at the NLRB? She may have met the deadline if when she "notices" the employer, but she may have failed the 6 month deadline if it is when filed at the NLRB.

ELK separated Employment 030519 after years of attempts to continue working with Judy. The "final straw" was her inability to work and communicate with others in the office. Her attitude and methods had angered, frustrated, coworkers making an awful work environment; all were thankful to me for finally separating our employment. My exit interview with Judy was conducted with Glenn Randle to be an extra set of eyes and ears to the process. Very little was said beyond it is "time to do something different" for the health and welfare for both Mike Kanetzky and Judy Mac.

The issues that lead to the final separation:
1) Ineffective office communication and ability to work with coworkers.
2) Drinking on the job
3) Bartering with Vendors and Employees to bring her alcohol as means to get her to provide them information or what they are in need.
4) Poor Communication and Handling of a fraudulent wire transaction of about $9.8k
5) Poor Records on an ACH transaction of $39k, that to this day we do not know where this went. Coincidentally all her emails are deleted from a week prior to this transaction and four months past.
6) Apparent ELK Payment to a storage vendor and her getting reimbursed by a subtenant for rent to her. I have not brought this to her attention, but a possible theft charge.
7) Physically threatening our 70 plus year old AP/Receptionist with fists clenched.
8) Not accepting-embracing our new accounting system change from 073117; bad mouthing Mike Kanetzky and the system behind my back to employees and vendors.
9) Too many accounting errors throughout all modules. Errors in payroll and overpayments to vendors, IRS, Union, and others.

She has accused me of retaliation and discrimination I presume in asking for a raise and I would not do that. I can provide email and review correspondence where I have drawn the line in the sand with Judy on several occasions to correct her behavior. The "Exit Doc" attached was research I did to try to help her transition and find employment. I



gave her $3,000.00 to assist with this transition as well and advised her what I felt would be the best course for her but she as usual did something different. I did not deny unemployment benefits despite being within my rights to do so. I spent my Sunday drafting her a new resume detailing her experiences with ELK to assist with new employment and gave this to her electronically.

A reference to her character, see the email "Re:cards", she after she no longer worked at ELK, canceled ELK's trucks gas cards and had the replacements sent to her house. She acknowledges she did this in the email. I am certain this is criminal but not sure what type – Mail Fraud, theft, other. To date I have chosen to not file criminal charges, but should I be found guilty of the NLRB charge, the date of this crime I would ask that no reinstatement occur and no back pay.

I have truly tried to help Judy to the point of my personal and business detriment. I will read your email on the OM-07-27 Non-Board Settlements and see if this might be a path to consider. I appreciate your review and consideration of the information I have provided and please review the 6 month timeline.

Please let me know how I can further help-assist your investigation.

Thank you,

**MIKE KANETZKY** │ PRESIDENT │ ELK ELECTRIC, INC.
O: 512.442.8085 X 122 │ M: 512.577.8523 │ F: 512.727.8085
4707 WEIDEMAR LANE, AUSTIN, TEXAS, 78745
**ELECTRICAL | FIRE ALARM | SECURITY | UL PANEL SHOP**
MKANETZKY@ELKELECTRIC.COM │ WWW.ELKELECTRIC.COM
BIDS@ELKELECTRIC.COM │ SERVICE@ELKELECTRIC.COM